**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JOSEPH G. JOINER**                                                                         **PLAINTIFF**

**v.**                                                                         **No. 3:24-cv-204-MPM-JMV**

**WALMART STORESEAST, LP
and GENERAL PLANT MANAGER
STEVE WILLIAMS**                                                                         **DEFENDANTS**

<u>**ORDER**</u>

This matter comes before the Court on Defendants Wal-Mart Stores East, LP and Steve Williams' Motion to Dismiss [7]. The Court, having reviewed the record and carefully considered the applicable law, is now prepared to rule.

BACKGROUND

Pro se Plaintiff Joseph G. Joiner ("Mr. Joiner") previously worked for Defendant Walmart Stores East, LP ("Walmart") under the direction of Defendant General Plant Manager Steve Williams ("Mr. Williams"). On September 20, 2022, Mr. Joiner filed an Equal Employment Opportunity Commission Charge of Discrimination against Walmart alleging retaliation in violation of Title VII. On March 26, 2024, the EEOC sent Mr. Joiner an email advising him to go online and download its decision. Around April 16, 2024, the EEOC realized that Mr. Joiner had never viewed or downloaded the decision, so it mailed him a physical copy of the Determination and Notice of Rights.

On July 12, 2024, Mr. Joiner filed a complaint against Mr. Williams individually alleging in the entirety as follows:

I was the only black employee on my shift. Since filing a previous EEOC charge and being a witness in other[] charges, I have been harassed and threaten[ed] by General Plant Manager Steve Williams including but not limited to threats of termination, promotion denials, and threats of disciplinary actions. I believe I have been retaliated against because of my protected protest in violation of Title VII of the Civil Rights Act of 1964 as amended.

-General Plant Manager Steve Williams investigated himself by calling witnesses in the office and threatened them to sign a statement with him alone.

-I was denied a promotion.

-Path of leadership program that I express my interest in but never received the form to fill out and there was no list.

-Boot reimbursement that I never received.

-Back up yard driver license was taken where I made more money per hour.

Thus, Mr. Joiner is claiming violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. 42 U.S.C. § 2000; 29 U.S.C. § 626. He later amended his Complaint to include Defendant Walmart. Defendants have since filed a Motion to Dismiss arguing (1) the individual defendant cannot be liable under Title VII or the ADEA and (2) Mr. Joiner's Complaint was untimely.

ANALYSIS

*1. Individual Defendant*

Defendants argue the Title VII and ADEA claims against Mr. Williams must be dismissed because he is an individual defendant. Liability under Title VII and ADEA does not attach to individuals, only employers. *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003) ("[R]elief under Title VII is available only against an employer, not an individual supervisor or fellow employee."). "Individuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003). "Likewise, the ADEA 'provides no basis for individual liability for supervisory employees.'" *Medina v. Ramsey Steel Company Inc.*, 238 F.3d 674, 686 (5th Cir. 2001) (quoting *Stults v. Conoco, Inc.*, 76 F.3d 651,

655 (5th Cir. 1996)). Accordingly, all Title VII and ADEA claims against Mr. Williams must be dismissed.

*2. Walmart*

Defendants also argue that Mr. Joiner's "Complaint is untimely because he filed suit 108 days after receiving the EEOC's Determination and Notice of Rights." Under both Title VII and the ADEA, a plaintiff has 90 days to file a civil action after receiving the Determination and Notice of Rights from the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) (citing *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982); 42 U.S.C. § 2000e-5(f)(1); *see also, St. Louis v. Texas Worker's Compensation Comm'n*, 65 F.3d 43, 44 (5th Cir. 1995) (holding an ADEA claimant has until 90 days after the receipt of the EEOC notice of right to sue to file a lawsuit); 29 U.S.C. § 626(e) (establishing 90-day period for actions under the ADEA). The 90-day period of limitations begins to run on the date that the EEOC right-to-sue letter is received. *January v. Tex. Dep't of Criminal Justice*, 760 Fed.Appx. 296 (5th Cir. 2019) (unreported).

Mr. Joiner filed his Complaint on July 12, 2024. Although this was 108 days after receiving the email from the EEOC notifying Plaintiff a decision had been reached, it was only 87 days after he was mailed a physical copy of the Determination letter, and Mr. Joiner argues that the clock starts running on the date he actually received the EEOC letter, which, since he does not use email, was after the physical letter was delivered. Defendants argue that the limitations period began to accrue when the email entered Mr. Joiner's inbox. While the Fifth Circuit has not addressed whether a notice of right to sue from the EEOC is "received" at the time it is emailed, the Southern District of Mississippi recently concluded—in a case where the plaintiff did not actually see her right-to-sue notice until three months after it was issued—that the 90 days did not begin to run

until the plaintiff had accessed her right to sue notice. *Moore v. Jackson Public Sch. Dist.*, 2024 WL 3687098, *10 (S.D. Miss. Aug. 6, 2024).

Turning to the language of the letter, under the heading "Important Time Limits—90 Days to File a Lawsuit," the letter reads:

> "If you choose to file a lawsuit…you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail."

(emphasis in original). Thus, Mr. Joiner's argument that the limitations period should not begin until after he received the physical letter (since he never opened the email) is clearly supported by the language of the EEOC Letter. This Court feels it would be rather unfair to hold a pro se plaintiff to a filing deadline different from the one clearly communicated to him in the notice letter. *Cf. Weathers v. Houston Methodist Hospital*, 116 F.4th 324, 328 (5th Cir. 2024) ("We liberally construe [Plaintiff]'s filings because she is a pro se litigant."). Mr. Joiner's Complaint is therefore timely.

CONCLUSION

**ACCORDINGLY**, Defendants Wal-Mart Stores East, LP and Steve Williams' Motion to Dismiss [7] is **GRANTED in part and DENIED in part.** All claims against Defendant Steve Williams are dismissed. All other claims remain.

Additionally, all other pending motions related to Defendants' Motion to Dismiss which regard extensions of time or improper filing [12, 24, 26, 28] are **DISMISSED** as moot.

**SO ORDERED** this the 27th day of November, 2024.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI