IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOSEPH G. JOINER                                                                                          PLAINTIFF

v.                                                                                                  No. 3:24-cv-204-MPM-JMV

WALMART STORES EAST, LP                                                                          DEFENDANT

**ORDER**

This matter comes before the Court on Defendant Walmart Store East, LP's ("Walmart") Motion to Dismiss for insufficient service of process [34]. The Court, having reviewed the record and carefully considered the applicable law, is now prepared to rule.

On August 7, 2024, pro se Plaintiff Joseph G. Joiner sued his employer, Walmart, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964. Shortly thereafter, the local sheriff's office served process on Walmart's general plant manager. This manager was not authorized to receive such service. On December 10, 2024, Walmart moved to dismiss for insufficient service of process (the motion presently before the Court). On January 14, 2025, Mr. Joiner filed proof that he had perfected service.

The decision of whether to dismiss a claim for ineffective service of process lies within the discretion of the Court. *See Henderson v. Republic of Tex. Biker Rally, Inc.*, 672 Fed. App'x 383, 384 (5th Cir. 2016) (citing *George v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986)). "[S]ervice of process by pro se, [*in forma pauperis*] litigants is governed by '[s]pecial,' or more lenient, rules." *Holly v. Metro. Transit Authority*, 213 Fed.

App'x. 343, 344-45 (5th Cir. 2007) (citing *Rochon v. Dawson*, 828 F.2d 1107, 1109–10 (5th Cir. 1987)).

Here, it is undisputed that Mr. Joiner's first attempt to effectuate service failed to comply with Rule 4 of the Federal Rules of Civil Procedure. Mr. Joiner, however, has since perfected service by paying a process server to serve the complaint and summons on Walmart's registered agent in Flowood. Although, the ninety-day time limit had passed, "the court must extend the time for service" if "the plaintiff shows good cause." Fed. R. Civ. P. 4(m). Plaintiff here argues good cause exists because (1) he is unrepresented, (2) Defendant has previously received an extension of time, and (3) he corrected service as soon as he learned there was a problem.

In *Miller v. Tower Loan of Mississippi, LLC*, 1:22-cv-6-SA-DAS, 2022 WL 3093292 (N.D. Miss. Aug. 3, 2022), this Court found that good cause existed by virtue of a plaintiff's pro se filing status. Rather than dismissing the case for insufficient service, the Court gave the plaintiff forty-five days to perfect service. In *Ellibee v. Leonard*, the Fifth Circuit reversed a district court's dismissal of a pro se plaintiff's claim for insufficient service. 226 Fed. App'x. 351, 358-59 (5th Cir. 2007). The Court found that the district court was required to grant an extension because the pro se plaintiff diligently attempted to serve defendants and attempted to remedy the insufficient service as soon as he was made aware. *Id*; *and see Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996).

Here, Mr. Joiner also diligently attempted service on the defendant, and he corrected the mistake as soon as he was made aware of it. Rule 1 requires U.S. District Courts to construe, administer, and employ the Federal Rules of Civil Procedure "to secure the just…determination of every action and proceeding." Fed. R. Civ. P. 1. Justice requires this case proceed.

**ACCORDINGLY**, Defendant Walmart Store East, LP's Motion to Dismiss for insufficient process and insufficient service of process [34] is **DENIED.**

**SO ORDERED** this the 1st day of April, 2025.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI