## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

JOSEPH G. JOINER                                                      PLAINTIFF

V.                                         CIVIL ACTION NO.: 3:24-cv-204-MPM-JMV

WAL-MART STORES EAST, LP                                             DEFENDANT

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND

This matter is before the court on Plaintiff's Motion Amend/Correct Complaint [Dkt. 80],

Defendant's response in opposition [Dkt. 83], and Plaintiff's reply [Dkt. 87].[1] The matter is now

ripe for decision. For the reasons that follow, the Motion is **granted in part and denied in part**,

as explained below.

Plaintiff was employed by Walmart beginning in 1999. On September 22, 2022, while still

employed by Walmart, Plaintiff filed a retaliatory discrimination charge with the EEOC as follows:

> I was hired by above name employer as an Order Filler in June 1999.
> I was promoted to Maintenance in March 2008. Was the only black
> employee on my shift. Since filing a previous EEOC charge I have
> been harassed and threaten by General Plant Manager, Steve
> Williams, including but not limited to threats of termination,
> promotions denials and threats of disciplinary actions. I believe I
> have been retaliated against because of my protected protest in
> violation of Title VII of the Civil Rights Act of 1964, as amended.

According to Walmart, on September 7, 2023, while his EEOC charge was still pending,

Plaintiff's employment at Walmart was terminated "for violation of company policy." [Dkt. 83-

2]. It does not appear from the docket that the EEOC charge was amended to include a retaliatory

---

[1] Plaintiff filed "Plaintiff's Motion for Rule 20 Permissive of Parties" and seeking to add a claim under 42 U.S.C. §
1981 against Walmart and Williams. [Doc. 79]. Plaintiff also filed a motion requesting additional time to respond to
Defendant's Response in opposition prior to filing his reply brief within the original deadline to reply. [Doc. 86]. As
his Rule 20 motion seeks add the same claims as the present motion, and the reply was filed within the deadline that
Plaintiff sought to extend, both motions are now moot.

discharge claim. On March 26, 2024, the EEOC issued a Determination of no finding and a Notice of Right to Sue on the existing charge.

Plaintiff filed his original complaint on July 12, 2024. [Dkt. 1].[2] It listed Steve Williams as the sole defendant. *Id*. Plaintiff alleged that Defendant Williams violated Title VII of the Civil Rights Act of 1964 on the basis of race and violated the Age Discrimination in Employment Act of 1967. Utilizing a form complaint for *pro se* litigants, Plaintiff alleged:

---

[2] Plaintiff used a complaint form provided on the Court's website for *pro se* parties.

DMAP Pro Se: EEOC Complaint

## II.  CAUSE OF ACTION

*Check only the options below that apply in your case.*

This employment discrimination lawsuit is brought under:

☑ **Title VII of the Civil Rights Act of 1964,** as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin.

☑ **Age Discrimination in Employment Act of 1967,** as amended, 29 U.S.C. §§ 621, *et seq.,* for employment discrimination on the basis of age. My year of birth is: 1980 .

☐ **Rehabilitation Act of 1973,** as amended, 29 U.S.C. §§ 701, *et seq.,* for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.

☐ **Americans with Disabilities Act of 1990,** as amended, 42 U.S.C. §§ 12101, *et seq.,* for employment discrimination on the basis of a disability.

☐ Click here to enter text.

This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## III.  STATEMENT OF CLAIM

The conduct complained of in this lawsuit involves *(check only those that apply)*:

| CLAIM | DATE(S) OF OCCURRENCE | PLACE OF OCCURRENCE |
|---|---|---|
| ☐ failure to hire me | | |
| ☐ termination of my employment | | |
| ☑ failure to promote me | | walmart 6072 |
| ☐ failure to accommodate my disability | | |
| ☑ terms and conditions of my employment differ from those of similar employees | | walmart 6072 |
| ☑ retaliation | | walmart 6072 |
| ☑ harassment | | walmar 6072 |
| ☑ other *(specify below)*: lying false rumors | | walmart 6072 |

3

I was the only black employee on my shift, since filing a previous EEOC charge and Being a witness In others charges. I have been harassed and threaten by General Plant manage, Steve Williams including but not limited to threats of termination, Promotion denials, and threats of disciplinary actions. I believe I have been retaliated against because of my protected protest in violation of Title VII of the Civil Right Act of 1964, as amended.

General Plant manage, Steve Williams investigated himself by calling witnesses in the office and threatened them to sign a statement with him alone.

I was denied promotion

path of leadership program that I express my interest in But never received the form to fill out and there was no list.

Boot reimbursement that I never received

Backup yard driver license was taken where I made more money per hour

Joseph Jaine

7/12/24

4

On August 7, 2024, Plaintiff amended his complaint. [Dkt. 4]. The amended complaint added Walmart Stores East, LP (hereinafter "Walmart") as a second defendant, but is otherwise identical to the original complaint. *Id.*

On September 3, 2024, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that Defendant Williams could not be held individually liable under Title VII or ADEA and the claims against Walmart were untimely based on the date of the EEOC's Determination and Notice of Rights [Dkt. 7]. On November 27, 2024, the District Judge dismissed Williams but allowed the claims against Walmart to proceed [Dkt. 31]. On December 10, 2024, Walmart next filed a motion to dismiss for insufficient process and insufficient service of process. [Dkt. 34]. This case was stayed on December 10, 2024, as a result. [Dkt. 36]. On April 2, 2025, the motion to dismiss for insufficient process was denied by the District Judge and the stay was lifted. [Dkt. 63].

On April 9, 2025, discovery in the case commenced and a completed case management order was entered stating that motions for joinder of parties or amendments to the pleading must be filed by May 5, 2025. [Dkt. 67].

On April 30, 2025, Plaintiff filed the present motion to amend. [Dkt. 80]. In his proposed amended complaint, he lists the previously dismissed Williams again as a defendant, but this time only as to a proposed newly added 42 U.S.C. § 1981 retaliation claim based on the same alleged conduct as asserted in the operative complaint [Dkt. 4], cited verbatim above. No new narrative facts were alleged in support of the newly asserted Section 1981 retaliation cause of action, but a previously unchecked box styled "termination of my employment" is newly checked. In relevant part, the proposed amended form complaint reads, in addition to the narrative referenced above:

## II.    CAUSE OF ACTION

*Check only the options below that apply in your case.*

This employment discrimination lawsuit is brought under:

☑    **Title VII of the Civil Rights Act of 1964,** as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin.

☑    **Age Discrimination in Employment Act of 1967,** as amended, 29 U.S.C. §§ 621, *et seq.*, for employment discrimination on the basis of age. My year of birth is: 1980          .

☐    **Rehabilitation Act of 1973,** as amended, 29 U.S.C. §§ 701, *et seq.*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.

☐    **Americans with Disabilities Act of 1990,** as amended, 42 U.S.C. §§ 12101, *et seq.*, for employment discrimination on the basis of a disability.

☑    Click here to enter text. 42 U.S.C. 1981, retaliation

This Court has subject matter jurisdiction over this case under the above-listed statutes and under 28 U.S.C. §§ 1331 and 1343.

## III.    STATEMENT OF CLAIM

The conduct complained of in this lawsuit involves *(check only those that apply):*

| CLAIM | DATE(S) OF OCCURRENCE | PLACE OF OCCURRENCE |
|---|---|---|
| ☐ failure to hire me | | |
| ☑ termination of my employment | | |
| ☑ failure to promote me | | D.C 6072 |
| ☐ failure to accommodate my disability | | |
| ☑ terms and conditions of my employment differ from those of similar employees | | D.C 6072 |
| ☑ retaliation | | D.C 6072 |
| ☑ harassment | | D.C 6072 |
| ☑ other (*specify below*): lying, verbal abusive, threatening | | D.C 6072 |

[Dkt. 80].

In opposition to the instant motion, Walmart argues that Plaintiff's amended complaint should be denied for futility as Plaintiff's proposed new allegation of a "termination" is so

6

exceedingly sparce as to fail to provide a factual basis for a Section 1981 cause of action, nor are there sufficient facts to support such a claim under his existing Title VII and ADEA causes of action asserted against Walmart. Walmart also asserts that the proposed amendment is "unjustifiably late" and improperly attempts to reassert formerly dismissed claims against Williams individually.[3]

Walmart notes that courts consider "retaliation claims based on Title VII and 42 U.S.C. § 1981 under the same rubric of analysis". *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 399 (5th Cir. 2021). To establish a claim under Section 1981, a plaintiff "must prove by a preponderance of evidence (i) he engaged in a protected activity; (ii) an adverse employment action occurred; and (iii) a causal link exists between the protected activity and the adverse employment action." *Wantou v. Wal-Mart Stores Texas, L.L.C.*, 23 F.4th 422, 436–37 (5th Cir. 2022). While Walmart acknowledges Plaintiff need not make a prima facie case of discrimination in order to survive a futility analysis, *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019), it accurately notes a plaintiff must plead facts sufficient on all of the "ultimate elements of the claim to make their case plausible." *Id*. Walmart argues that Plaintiff has failed to do so. Walmart also asserts that no such claim is properly pled against Williams because: "[o]ther than adding the words "Section 1981" and "termination," Plaintiff's proposed Second Amended Complaint does not include any new facts nor new allegations specific to Mr. Williams. [Dkt. 80-2].

---

[3] Plaintiff's Title VII and ADEA claims against Mr. Williams were already dismissed from this case by the District Judge. [Dkt. 31]. Plaintiff cannot use the vehicle of an amended complaint to return previously dismissed claims. *See Goins v. Longstreet*, 2013 WL 869644, at *6 (W.D. Pa. Feb. 13, 2013), report and recommendation adopted, 2013 WL 869373 (W.D. Pa. Mar. 7, 2013) ("Where a plaintiff's proposed amended complaint attempts to revive claims against previously dismissed defendants, it will be deemed futile and rejected."). Thus, to the extent the motion to amend seeks to revive the previously dismissed claims against Mr. Williams, it is denied. On the other hand, the 42 U.S.C. § 1981 claim is a newly asserted cause of action, and that claim is addressed in the body of this opinion.

Finally, Walmart asserts that the proposed amendment, to the extent it seeks to assert a retaliatory termination claim, is unduly delayed since Plaintiff was discharged on September 7, 2023, and his complaint was not filed until July 12, 2024. In short, Walmart complains that despite a prior amendment by him, this is the first mention he has made of his termination, and he does so now without explanation for the delay.

In Plaintiff's response in opposition, he appears to *concede* that he *makes no claim based on his termination*, but instead seeks only to add a new cause of action pursuant to 42 U.S.C. § 1981 against Williams individually and Walmart for conduct previously complained of in his original complaint. *See*, narrative cited above, p. 3. By way of explanation, Plaintiff wrote "I checked the termination box because the defendant keeps bringing it up as if I'm trying to hide something. So, that was a mistake on my part for now…." [Dkt. 87].

The Law

Leniency to *Pro Se* Litigants

Of importance to resolving the instant motion is the recognition of leniency or liberality required of the court when construing *pro se* litigants' pleadings. However inartfully pled, *pro se* pleadings must be held to less stringent standards than formal pleadings drafted by lawyers. *Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see also, Tucker v. Gaddis*, 40 F.4th 289, 292 (5th Cir. 2022) (citing *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019)) ("The filings of a pro se litigant are to be liberally construed). Nevertheless, they must still comply with the rules of civil procedure. *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007).

Motions to Amend Pursuant to Fed. R. Civ. P. 15(a)(2)

The instant motion to amend, having been made prior to the Case Management Order ("CMO") deadline for doing so, is governed by Fed. R. Civ. P. 15(a)(2), which dictates that leave to amend should be freely given "when justice so requires." Accordingly, a district court must have substantial reason to deny a request for leave to amend. One such reason to deny leave to amend occurs where—as the Defendant asserts here—allowing the amendment would be an exercise in futility because it does not state a cause of action under Fed. R. Civ. P. 12(b)(6). *Id.* at 387; *see also Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court may also consider factors such as undue delay or bad faith as reasons to deny leave to amend. *Id.*[4]

Stating a Cause of Action pursuant to 12(b)(6)

To survive a 12(b)(6) motion to dismiss, plaintiffs are required to plead "enough facts to state a claim to relief that it is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

---

[4] Defendant argues that both factors are present in the current motion to amend. [Dkt. 84]. However, the undersigned is not persuaded. "[ M]erely because a claim was not presented as promptly as possible ... does not vest the district court with authority to punish the litigant." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003). "[D]elay alone is an insufficient basis for denial of leave to amend: The delay must be ***undue***, *i.e.*, it must prejudice the nonmoving party or impose unwarranted burdens on the court." *See Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (emphasis in original). Plaintiff brought his motion before the Court's set deadline to amend the complaint. There are no current active motions that would require refiling should the Court grant the motion, and discovery in this case only recently opened after a four-month stay occasioned by Defendant's Motion to Dismiss [Dkt. 7]. Moreover, it would appear that Walmart's undue delay argument arises from its understanding that Plaintiff was, by his proposed amendment, seeking to belatedly assert a termination of employment claim. However, as discussed *supra*. p. 7 that claim has now been disavowed by Plaintiff.

Individual's liability for retaliation pursuant to Section 1981

Unlike Title VII and the ADEA, which do not permit imposition of liability against individual co-employees under 42 U.S.C. § 1981, Plaintiff may proceed against an individual co-employee where there are triable issues of fact regarding whether the individual exercised control in the employment decisions at issue, so as to render that person "essentially the same as [the employer] for purposes of the retaliatory conduct alleged]." *Foley v. Univ. of Houston Sys*., 355 F.3d 333, 337 (5th Cir. 2003). An individual is "essentially the same" as the employer if they exercise control over employment decisions or managerial authority over the plaintiff. *Williams v. City of Richardson*, No. 3:16-CV-2944-L-BK, 2018 WL 5885540, at *3 (N.D. Tex. Aug. 15, 2018) (citing *Miller v. Wachovia Bank, N.A.*, 541 F. Supp. 2d 858, 863 (N.D. Tex. 2008)), *R. & R. adopted*, No. 3:16-CV-2944-L, 2018 WL 4269088, at *1 (N.D. Tex. Sept. 7, 2018). Generally, the individual must also have been personally involved in the discriminatory activity to be considered "essentially the same" as the employer. *Miller*, 541 F. Supp. at 863 (quoting *Hicks v. IBM*, 44 F. Supp. 2d 593, 594 (S.D.N.Y. 1999)).

The Analysis

As outlined above, Plaintiff's amended complaint merely seeks to add a claim for retaliation under 42 U.S.C. § 1981 against both Walmart and the previously dismissed Williams, for only the complained of employment actions already alleged in the operative complaint.[5]

As such, as to the 42 U.S.C. § 1981 clause of action against Walmart, it is only necessary for the court to assess here whether the proposed amendment alleges sufficient facts, if true, to

---

[5] As earlier noted, Plaintiff concedes he makes no termination claim. "I checked the termination box because the defendant keeps bring [*sic*] it up as if I'm trying to hide something. So, that was a mistake on my part for now." [Doc. 87].

support the allegation that (i) Plaintiff engaged in a protected activity; (ii) an adverse employment action occurred; and (iii) a causal link exists between the protected activity and the adverse employment action." *Wantou v. Wal-Mart Stores Texas, L.L.C.*, 23 F.4th 422, 436–37 (5th Cir. 2022).

To do so, I find Plaintiff has alleged that "as the only black employee on his shift, he formerly filed an EEOC charge and also participated in other employee's EEOC proceedings" (constituting protected activity); he was subsequently denied promotion and lost his back up yard driver's license which resulted in reduced compensation (adverse employment action); and these adverse consequences did not occur until after he participated in protected activity in retaliation for doing so (causal link).[6]

As for individual liability under Section 1981 against Williams, Plaintiff alleges specifically that Williams was his general plant manager and the one who harassed, threatened and denied him promotion, including himself conducting an investigation of Plaintiff's retaliation claims made against him.

Based on the foregoing, including Plaintiff's *pro se* status, and his concession that no termination claim is made, I conclude that while sparce, the Plaintiff's addition of a Section 1981 retaliation claim against Walmart and Williams individually has, at least at this initial pleading stage, been sufficiently pled.

---

[6] While dates are not supplied, Plaintiff does allege that Walmart had knowledge of the EEOC activities. *See Cox v. DeSoto Cnty.*, 407 F. App'x 848, 851–52 (5th Cir. 2011) (per curiam) ("Absent an inference of causation due to temporal proximity, we have determined that, in order to establish the causation prong of a retaliation claim, the employee should demonstrate that the employer knew about the employee's protected activity."); *see also Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *8 (5th Cir. Oct. 8, 2024) (finding plaintiff satisfied pleading requirements for retaliation claim by attaching previous EEOC complaints to establish knowledge).

Accordingly, the motion for leave to amend is **granted in part and denied in part**, as stated above. Plaintiff is specifically instructed first file a copy of the proposed amendment [Dkt. 80 - Exh. 2] on the docket, in which he has scratched through or otherwise indicated his intent to remove from the allegations made any reference to "termination"; and second, he must add a statement that the only claim he seeks to assert against Williams individually is one under 42 U.S.C § 1981. The *pro se* Plaintiff will have seven (7) business days from his receipt of this order to do so and to return the proposed amended complaint to the court clerk for filing. Failure to timely do as instructed will preclude the amendment.

**SO ORDERED** this the 30th day of June, 2025.

/s/ Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**

12