IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOSEPH G. JOINER                                                                PLAINTIFF

V.                                        CIVIL ACTION NO.: 3:24-cv-204-MPM-JMV

WAL-MART STORES EAST, LP,
GENERAL MANAGER STEVE WILLIAMS                        DEFENDANTS

<u>**ORDER GRANTING DEFENDANT WAL-MART'S MOTION TO COMPEL**</u>

This matter is before the Court on Defendant Walmart's motion to compel Plaintiff's discovery responses. [Doc. 105]. As discussed below, for good cause shown and the fact that Plaintiff has not filed opposition to the motion, it is granted. **Plaintiff has 7 business days from entry of this Order, or through November 17, 2025, to serve full and complete responses, without objection, to Walmart's Discovery Requests**. In accordance with Federal Rule of Civil Procedure 37(a)(5), Walmart's request for an award of its reasonable fees incurred in the filing of the instant motion is granted.

**Background**

As set forth by Walmart in its motion, on April 14, 2025, Walmart's counsel sent Mr. Joiner Walmart's Discovery Requests via e-mail and the U.S. Postal Service ("U.S. Mail"). [Doc. 105] – Exh. 1. According to Rules 33 and 34 of the Federal Rules of Civil Procedure, Mr. Joiner had thirty (30) days, or until May 14, 2025, to respond to the requests. On May 27, 2025, Walmart's counsel received Mr. Joiner's responses. [Doc. 105] – Exh. 2. However, Walmart contends Mr. Joiner's responses are largely deficient because they either do not respond to what was being requested or failed to respond at all. Walmart also contends that Mr. Joiner has failed to execute a HIPAA-compliant Medical Records Release and the Personnel Records Release as had been requested.

1

Accordingly, on July 14, 2025, Walmart's counsel sent a discovery deficiency letter to Mr. Joiner via e-mail and U.S. Mail, addressing Mr. Joiner's alleged insufficient or incomplete discovery responses, as well as requesting available dates for Mr. Joiner's deposition for a third time. [Doc. 105] – Exh. 3. Walmart requested that Mr. Joiner correct the discovery deficiencies and supplement his discovery responses by July 31, 2025. According to Walmart, Mr. Joiner apparently did not respond to Walmart, nor did he attempt to provide any responses to Defendant Walmart's discovery requests by July 31, 2025.

On August 6, 2025, Walmart's counsel e-mailed Mr. Joiner requesting he provide his corrected and supplemented discovery responses. [Doc. 105] – Exh. 4. Mr. Joiner did not respond to counsel's email. Instead, on September 9, 2025, Mr. Joiner e-mailed the Court, copying Walmart's counsel, and requested—among other things—an extension of time for discovery to be completed. Walmart's counsel responded, requesting this Court to set a discovery conference to discuss the various discovery issues that had arisen. [Doc. 105] – Exh. 5.

On September 12, 2025, the Court held a telephonic conference to attempt to resolve the various discovery issues, but ultimately directed the parties to file motions to compel to resolve any ongoing discovery issues. [Doc. 100]. On the same day, the Court entered an order extending the discovery deadline to December 8, 2025. [Doc. 102]. On September 16, 2025, Walmart's counsel again e-mailed Mr. Joiner requesting that he respond to Walmart's July 14, 2025, discovery deficiency letter. [Doc. 105] – Exh. 6. Mr. Joiner responded that he planned to respond to Walmart's Discovery Requests. *Id*. Walmart's counsel requested that Mr. Joiner submit all pending discovery responses by September 26, 2025. *Id*. According to Walmart, Mr. Joiner did not serve his supplemental responses to Walmart's Discovery Requests. This motion has resulted.

**Legal Standards**

*Pro se* litigants are subject to "less stringent standards" than those to which attorneys are held. *Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019). Nevertheless, *pro se* plaintiffs must still comply with the Federal Rules of Civil Procedure. *Ferris v. Amazon.com Services, LLC*, 2025 WL 1091939 (N.D. Miss. April 7, 2025) (citing *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 229, 304 (5th Cir. 2007)). The Federal Rules of Civil Procedure permit a party to conduct discovery on any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b). As discussed above, Walmart propounded written discovery that sought information pursuant to Rule 26(b) as well as Rules 33 and 34. *See* [Doc. 105] – Exh. 1. Rule 33 requires Mr. Joiner to respond to each interrogatory "separately and fully in writing under oath" within thirty (30) days after being served. FED. R. CIV. P. 33(b)(2). Rule 34 required Mr. Joiner to respond in writing to each item within thirty (30) days after being served. FED. R. CIV. P. 34(b)(2)(A). Mr. Joiner responded after forty-three (43) days, thus waving any objections. *See* [Doc. 105] – Exh. 2. *See* FED. R. CIV. P. 33(b)(4); *see also Foster v. State Farm Fire and Casualty Co.*, 2023 WL 9181333, at *4 (N.D. Miss. Mar. 13, 2023) ("By failing to timely respond to [discovery requests], and in the absence of good cause, Plaintiff has waived his right to assert objections in response.").

Walmart also argues the tardy responses were deficient. Rule 37 entitles a party to an order compelling an opposing party to correct and supplement deficient responses to discovery requests. *See* FED. R. CIV. P. 37(a)(3)(B). If its motion to compel is granted, Rule 37 also entitles the movant to an award of the reasonable expenses it incurred in making the Motion. *See* FED. R. CIV. P. 37(a)(5); *see also Merritt v. International Brotherhood of Boilermakers*, 649 F.2d 1013 at 1018 (5th Cir. 1981) ("[A]n award of expenses is mandatory against a party whose conduct necessitated a motion to compel discovery…").

**Discussion**

As set forth in detail above, and as is uncontested by Mr. Joiner, on July 14, 2025, Walmart notified Mr. Joiner of its contention that his responses to Interrogatory Nos. 2, 3, 4, 7, 8, 9, 11, 13, and 14 were deficient. *See* [Doc. 105] – Exh. 3. Despite Defendant's counsel's multiple requests, it appears uncontested that Mr. Joiner has failed to supplement his responses to the interrogatories.

On July 14, 2025, Walmart also put Mr. Joiner on notice that it contends his responses to Requests for Production were deficient or incomplete. *See* [Doc. 105] – Exh. 3. Walmart asked Mr. Joiner to provide any responsive documents that were within his possession, custody and control (or for each request affirmatively state that he did not have documents responsive within his possession) for Requests for Production Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 12, 13, 14, 15, and 18. *Id*. Despite Walmart's counsel's requests, Mr. Joiner failed to provide documents or supplement his responses to indicate that responsive documents were not within his possession.

Walmart requests the Court compel Mr. Joiner's written responses to Interrogatories 2-4, 7-9, 11, 13 and 14 and to produce any responsive documents to Requests for Production Nos. 1-5, 7-10, 12-15, and 18, within his possession, custody, or control. Walmart also requests the Court compel Mr. Joiner's execution of the Medical Records Release and the Personnel Records Release.

Walmart asserts in support of its reasonable fees request that Mr. Joiner has unjustifiably failed to provide full and complete responses to Walmart's Discovery Requests. It argues this failure is not excused simply because of Mr. Joiner's *pro se* status. Walmart argues Mr. Joiner's disregard for the Rules of Civil Procedure has not only caused Defendant Walmart to incur unnecessary costs, but it is detrimental to judicial economy. Further, Defendant Walmart argues it has been prejudiced in preparing its defense as a result of the delays in discovery.

The court notes its reluctance to award Rule 37 fees for a *pro se* party's failure to strictly comply with the applicable Federal Rules of Civil Procedure. However, as demonstrated above, Walmart approached Mr. Joiner multiple times regarding his incomplete responses before asking for relief from this Court, and yet, Mr. Joiner has failed to respond, including not responding to the instant motion to compel. In short, Mr. Joiner has offered no justification for his failure to respond to Walmart's allegations of inadequate discovery responses and his *pro se* status alone is insufficient basis to justify his actions.

Accordingly, **Mr. Joiner is ordered to serve full and complete responses, without objection, to Walmart's Discovery Requests, including the provisions of the executed HIPAA Medical Release, within seven (7) business days of the entry of the order, or by November 17, 2025.** Additionally, Walmart is awarded its reasonable fees and expenses, upon approval by the undersigned, in pursuing the subject motion to compel. In order that the court determine the reasonableness of any fees and expenses requested, Walmart shall submit an itemization the same to chambers of the undersigned with a copy to Mr. Joiner on or before November 12, 2025. Once the court has approved the amount of reasonable fees and expenses, an order will be entered to reflect same.

**SO ORDERED**, this the 5th day of November, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**