IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JOSEPH G. JOINER**                                                                             **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO.: 3:24-cv-204-MPM-JMV**

**WAL-MART STORES EAST, LP,**
**GENERAL MANAGER STEVE WILLIAMS**                         **DEFENDANTS**

<u>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**</u>

This matter is before the court on the *pro se* Plaintiff's motion to compel Defendant Walmart to provide additional responses to his interrogatories 1-13 [Doc. 112]. For the reasons explained below, the motion is **DENIED.**

**A.** <u>**The EEOC Charge and Complaint**</u>

On September 20, 2022, Plaintiff Joseph G. Joiner filed an EEOC charge against his employer, Walmart, alleging he was the only black employee on his shift and since filing a previous EEOC charge against Walmart on August 21, 2019, he has "been harrassed and threaten [*sic*] by General Plant Manager Steve Willliams, including but not limited to threats of termination, promotional denials, and threats of disciplinary actions" in retaliation in violation of Title VII. A right to sue letter followed.

On July 12, 2024, Plaintiff filed the instant lawsuit, twice amending it thereafter, but on each occasion alleging no more than that:

> I was the only black employee on my shift, since filing a previous EEOC charge and Being a witness in others charges, I have been harassed and threatened by General Plant Manager, Steve Williams including but not limited to threats of termination, promotion denials, and threats of disciplinary actions. I believe I have been retaliated against because of my protected protest in violation of Title VII of the Civil Rights Act of 1964, as amended.

[Doc. 93] at 6.

1

Plaintiff brings claims against Walmart under Title VII of the Civil Rights Act (on the basis of race) and the Age Discrimination Act, as well as a claim under 42 U.S.C. 1981 against Williams. He specifically disclaims any claims related to employment termination. As for specifics, he asserts:

- General Manager Steve Williams investigated himself by calling witnesses in the office and threatened them to sign a statement with him alone.
- I was denied promotion.
- Path of leadership program that I express my interest in But never received the form to fill out and there was no list.
- Boot reimbursement that I never received
- Backup yard driver license was taken where I made more money per hour.

### B. The Instant Motion to Compel

On or about July 29, 2025, Walmart received Plaintiff's first set of Interrogatories via U.S. mail. On September 5, 2025, Walmart served its responses to the first set of Interrogatories ("Walmart's Interrogatory Responses"). On October 29, 2025, though, according to Walmart, without first discussing the issues with it, Plaintiff filed the instant motion to compel [Doc. 112] On November 12, 2025, Walmart timely filed its response [Doc. 119] thereto. A reply, if any, from Plaintiff was due to be filed by November 19, 2025, but apparently none was.[1]

In any event, the following is a summary of the applicable legal principles applicable to discovery matters. It is followed by a recitation of each of the 13 interrogatories and

---

[1] It is, in fact, difficult to discern exactly what plaintiff has filed. For example, according to the docket, Plaintiff purported to file a reply [Doc. 118] to the Defendant's response to the instant motion on November 10, 2025, but that was 2 days *before* the Defendant filed its response to the motion. Moreover, it appears that the interrogatories at issue in the instant motion to compel are not addressed at all in the purported reply.

2

responses at issue in the instant motion to compel, as well as the Court's decision in each instance as to whether a further response is due to be compelled.

To begin, it is well settled that Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Moody v. Walmart, Inc.*, 2020 WL 12968365 (S.D. Miss. Oct. 22, 2020) (citing Fed. R. Civ. P. 26(b)(1)). Proportionality serves as the standard that limits the scope of discovery, determined by "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *JP Morgan Chase Bank, N.A. v. Data Treasury Corp.*, 936 F.3d 251 (5th Cir. 2019) (*quoting* Fed. R. Civ. P. 26(b)(1)).

Moreover, "[d]iscovery is not a license for the [parties] to 'go fishing' and is limited to information that 'is relevant to any party's claim or defense.'" *Barnes v. Tumlinson*, 597 Fed. App'x 798, 799 (5th Cir. 2015) (*citing Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)). Further, the moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Ramos v. Hartford Accident and Indem. Co.*, 2025 WL 627229 (S.D. Miss. Feb. 26, 2025) (*citing Walker v. Hunt*, No. 1:19-CV-246-LGRPM, 2021 WL 12307483, at *2 (S.D. Miss. Jan. 4, 2021)).

Lastly, Under Rule 37 of the Federal Rules of Civil Procedure and L.U. Civ. R. 37(a)., "[b]efore service of a discovery motion, counsel must confer in good faith to determine what extent the issue in question can be resolved without court intervention." Also, the moving party must certify that they have "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

**INTERROGATORY NO. 1:**
Identify all individuals who have been terminated by General Manager Stevie Williams for violations related to respect for the individual, integrity, or harassment policies. For each individual, state their full name, last known address, and telephone
number.

**RESPONSE NO. 1:**
Defendants object to this request because it is overly broad, as it is not limited in temporal scope. Defendants also object to this request because it seeks irrelevant information and is not proportional to the needs of this case. Specifically, Plaintiff seeks information regarding terminated employees, when Plaintiff is not asserting a termination claim in this case. Further, Defendants object to this request because it is not limited to individuals who are similarly situated to Plaintiff.

In his Motion to Compel, Mr. Joiner argues that this information is relevant because he claims Mr. Williams "has a reputation of harassing and threatening people than [*sic*] terminating people for respect for the individual."

**The Court's resolution:** No further response is required of Walmart. As has been repeatedly the case in this matter, the Plaintiff's request is so lacking of any specificity with respect to his particular claims as to be, on its face, irrelevant in this action.

**INTERROGATORY NO. 2:**
Did General Manager Stevie Williams to any actions to prevent Plaintiff Joseph Joiner from reporting him after Plaintiff was allegedly followed, chased, threatened with false accusations? If so, describe, with specificity, each action taken by General Manager Stevie Williams.
\*\*definition of -"specificity"-clear and exact

**RESPONSE NO. 2:**
Defendants object to this request because it is unintelligible, vague or ambiguous, to the extent "General Manager Stevie Williams to any actions to prevent," and "allegedly followed, chased, threatened with false accusations" are unintelligible, unclear, and Defendants do not know what information Plaintiff seeks in this request.

Subject to and without waiving the foregoing objections, Defendants submit that General Manager Stevie Williams vehemently denies having significant interaction with Plaintiff, let alone taking any adverse employment actions against him.

By the instant motion, Plaintiff asserts:

4

**PLAINTIFF REPONSE OBJECTIVE NO. 2:** This request wasn't unintelligible as the defendant made it that way. By replacing "take with to ". The same way they have lied on many other things like the false affidavit and taking cases out of context to try winning a motion

**The Court's resolution:** The court finds there is simply nothing further to compel here.

### INTERROGATORY NO. 3:
Identify all African American maintenance technicians and managers who have been hired or promoted at Walmart 6072 since Plaintiff filed a charge of discrimination with the EEOC. For each individual, state their job title and date of hire or promotion, last known address, and telephone number.

### RESPONSE NO. 3:
Defendants object to this request on the grounds that it seeks information that is neither relevant nor proportional to the needs of the case. Plaintiff has asserted individual claims of discrimination, and information concerning other employees who may have been hired or promoted is not relevant to those claims. Additionally, it is Defendants' position that Plaintiff never applied for any promotions, so such information is irrelevant, as Plaintiff would not be similarly situated to any individual who was promoted. Defendants also object to the extent the request seeks personal identifying information such as home addresses and telephone numbers of non-party associates, which implicates significant privacy interests.

Subject to and without waiving the foregoing objections, Defendants answer there have been four African American individuals who have been hire d/promoted at Distribution Center 6072 since September 20, 2022:
• J. W., Operations Manager-Floor (Grocery). Hired March 20, 2023.
• C. L., Regional Maintenance Technician. Hired October 23, 2023.
• J. H., Sr., Operations Manager-Floor (Grocery). Hired May 6, 2024.
• K. C., Operations Manager-Floor (Grocery). Hired July 22, 2025.

In response, Plaintiff argues that:

> The charge of discrimination was filed in 2019. This will show that the Plaintiff was retaliated again since the first charge was filed.

**The Court's resolution:** The court finds there is simply nothing further to compel here.

### INTERROGATORY NO. 4:
Identify everyone who was allegedly involved in tampering with evidence related to the incident involving the plug power employee who hanged himself with the Walmart extension cord from the maintenance shop. For everyone, provide their full name, last known address, and telephone number.

5

**RESPONSE NO. 4:**
Defendants object to this request because it is unintelligible, vague or ambiguous, to the extent the phrase "involved in tampering with evidence" is unclear and undefined, and "the plug power employee who hanged himself with the Walmart extension cord from the maintenance shop" is unclear and Defendant does not know what information Plaintiff seeks in this request or to what "employee" Plaintiff is referring. Defendants also object to this request because it is not relevant to Plaintiff's claims of employment discrimination and retaliation, nor is it proportional to the needs of this case. An alleged act of bodily harm and references to suicide has absolutely nothing to do with Plaintiff's employment discrimination and retaliation claims.

In the instant motion to compel, Plaintiff argues that "this shows clearly how they would cover up anything that doesn't benefit them." [Doc. 112] at 4.

**The Court's resolution:** The court finds the Plaintiff has identified nothing to further compel here. Once again, the Plaintiff has failed to explain how the requested information is relevant to his claims as set out above.

**INTERROGATORY NO. 5:**
Does General Manager Stevie Williams have knowledge of any managers, including himself, who have falsified business records intentionally altering or fabricating numbers to misrepresent departmental performance? If so, identify each manager and describe the nature of the falsification.

**RESPONSE NO. 5:**
Defendants object to this request because it seeks information that is neither relevant nor proportional to the needs of this case. Because Plaintiff has not alleged he received any disciplinary action for falsifying records, Defendants question how the information requested bears any relevance to Plaintiff's claims. Defendants further object to this request as it is clearly an attempt to conduct a fishing expedition to support claims regarding individuals other than the sole individual named in the Complaint, Stevie Williams.

Subject to and without waiving the foregoing objections, Defendants submit that Defendant Stevie Williams does not have any knowledge of any managers or employees who have intentionally falsified business records who have not been counseled and/or discharged, as said behavior is in violation of Walmart policy.

In the instant motion to compel, Plaintiff argues that "this is relevant it points out further wrong doing [sic] by the defendant." *Id.* at 5.

6

**The Court's resolution:** The court finds the Plaintiff has identified nothing to further compel here.

### INTERROGATORY NO. 6:
Has General Manager Stevie Williams, or any manager under his supervision, instructed associates to observe, monitor, or report on the activities of other associates? If so, identify each manager, the associates involved, and describe the nature and purpose of such instructions.

### RESPONSE NO. 6:
Defendants object to this request because it is vague or ambiguous, to the extent "General Manager Stevie Williams, or any manager under his supervision, instructed associates to observe, monitor, or report on the activities of other associates," is unclear, and Defendants do not know what information Plaintiff seeks in this request. Defendants also object to this request because it is not relevant to Plaintiffs claims of employment discrimination and retaliation, nor is it proportional to the needs of this case. Defendants submit that it is good business acumen for all managers to report on their departmental performance, which could include associate performance.

In the instant motion to compel, Plaintiff argues: "It's clear what's being asked. Plaintiff haven't [sic] mention any performance issues the defendant is trying to deflect from the issue the computer keeps up with performance." *Id.* at 5-6.

**The Court's resolution:** The court finds the Plaintiff has identified nothing to further compel here.

### INTERROGATORY NO. 7:
Has General Manager Stevie Williams ever engaged in any "Quid pro quo" conduct involving workplace favors in exchange for personal or romantic considerations with any female employees? If so, please identify each instance. Additionally, does he have knowledge of any other managers who have engaged in similar conduct? If so, please identify those managers.

### RESPONSE NO. 7:
Defendants object to this request because it is not relevant to Plaintiffs claims of race discrimination and retaliation, nor is it proportional to the needs of this case. Subject to and without waiving this objection, Defendants submit that General Manager Stevie Williams vehemently denies he has ever engaged in any "Quid pro quo" conduct, nor does he have any knowledge of other managers engaging in "Quid pro quo" conduct. Defendants submit that Walmart's Global Discrimination

& Harassment Prevention Policy explicitly prohibits any form of harassment, including offering employment benefits in exchange for sexual favors.

In the instant motion to compel, Plaintiff argues: "[t]he defendant didn't have nay problem asking me about filing for bankruptcy and signing a HIPAA release form. The defendant had no problem interrogating women about being [sic] sexual harassment [sic] by plaintiff. Moreover, the defendant wouldn't have so many cases against them if they followed the law." *Id.* at 6.

**The Court's resolution:** The court finds the Plaintiff has identified nothing to further compel here.

> **INTERROGATORY NO. 8:**
> Has General Manager Stevie Williams ever taken showers in the transportation area that would be termination offense misuse of company asset. Additionally, identify any video evidence, including the date and time, showing Mr. Williams leaving the transportation area and entering from P.O. Control with his bags.
>
> **RESPONSE NO. 8:**
> Defendants object to this request because it is not relevant to Plaintiff's claims of race discrimination and retaliation, nor is it proportional to the needs of this case. Subject to and without waiving this objection, Defendants deny that these alleged events occurred.

In the instant motion to compel, Plaintiff argues: that he "have [sic] requested the video." *Id.* at 7.

**The Court's resolution:** The court finds the Plaintiff has identified nothing to further compel here.

> **INTERROGATORY NO. 9:**
> Please state where the records for candidates who applied and were interviewed for the 2020 maintenance manager jobs would be located at? (for which plaintiff Joseph Joiner applied).
>
> **RESPONSE NO. 9:**
> Defendants object to this request as vague, ambiguous, and overly broad, particularly with respect to the phrase "where the records ... would be located." Defendants further object on the grounds that this request seeks information that is not relevant to the parties' claims or defenses and is not proportional to the needs of the case. Defendants also object to the temporal scope of this request ("2020"),

8

because any alleged discriminatory events that occurred outside the 180-day window leading up to the filing of Plaintiffs EEOC Charge on September 20, 2022, is not relevant to this case. Defendants also object to this request to the extent it seeks information regarding events that occurred beyond the 4-year statute of limitations period provided under 42 U.S.C. § 1981.

In the instant motion to compel, Plaintiff argues: "Even if it's beyond the statute courts have ruled its 'background evidence to support a timely claim National railroad passenger corporation v. morgan 536 U.S 101 (2002)." *Id.* at 8.

**The Court's resolution:** The court finds the Plaintiff has identified nothing to further compel here.

**INTERROGATORY NO. 10:**
where would plaintiff Joseph joiner boot reimbursement, company truck and back up-yard license, be located.

**RESPONSE NO. 10:**
Defendants object to this request as vague, ambiguous, and overly broad, particularly with respect to the phrase "where would ... be located." Defendant further objects to this request to the extent it seeks information equally available to Plaintiff, as Plaintiff necessarily has knowledge of his own boot purchases and licenses to operate motor vehicles.

Subject to and without waiving these objections, Defendants states that information regarding Plaintiff Joseph Joiner's boot reimbursement, company truck, and back-up yard license, if any, would be maintained within Walmart's employment and payroll records of former associate Plaintiff Joseph Joiner.

In the instant motion to compel, Plaintiff argues: "The defendants need to make these items available for inspection. The defendant took my back-up yard license, company truck license and refuse to give me the boot reimbursement." *Id.* at 8.

**The Court's resolution:** The court finds the Plaintiff has identified nothing to further compel here.

**INTERROGATORY NO. 11:**
Where would the surveillance video be from General Manager Stevie Williams following, chasing and threatening plaintiff Joseph Joiner to the maintenance shop.

9

**RESPONSE NO. 11:**
Defendants object to this request as vague, ambiguous, and overly broad, particularly with respect to the phrase "where would ... be located." Defendants object to this interrogatory because it does provide any additional specifics, such as a date. Further, the term "surveillance video" is undefined and subject to different interpretations. Defendants also object to this request as it assumes facts not in evidence, as it has not been established that "the surveillance video" of "General Manager Stevie Williams following, chasing and threatening" alleged by Plaintiff in the request itself, even exists. Defendants further object to this request to the extent it implies, or to the extent a response concedes that the Company was required to (a) surveil its facilities, (b) surveil areas where Plaintiff frequented, or (c) prevent any footage capturing Plaintiffs image from being automatically overwritten. Subject to and without waiving the foregoing objections, Defendants respond that Defendant Walmart retains video on storage devices that record on a continuous 30-day digital loop, after which footage is automatically overwritten in the ordinary course of business.

In the instant motion to compel, Plaintiff argues: "The defendant keeps changing their story About [sic] the surveillance video. This is direct evidence just like the statement that General manager Stevie Williams threaten [sic] associates to write." *Id.* at 9.

**The Court's resolution:** The court finds the Plaintiff has identified nothing to further compel here.

**INTERROGATORY NO. 12:**
Identify and describe any other legal action or proceeding, including but not limited to, criminal arrests, pending investigations and civil lawsuits defendants have been involved in, either as plaintiff or defendant, or as a charging party or a respondent. **((direction for answering number 12 interrogatory start with Wal-Mart D.C 6072, General Manager Stevie Williams, H.R lane Smith, maintenance operations manager Nick Taylor and continue))

**RESPONSE NO. 12:**
Defendants object to this request because it is overly broad, as it is not limited in temporal scope. Defendants also object to this request because it seeks information that is neither relevant nor proportional to the needs of this case. Further, Defendants object to this request because the terms "legal action," "proceeding," "criminal arrests," and "investigations" are undefined, vague, and subject to different interpretations, so Defendants do not know what information Plaintiff seeks in this request. Plaintiffs request also seeks information that would potentially violate confidential terms of settlements. Further, other "civil lawsuits" are only relevant to Plaintiffs case if the lawsuit pertains to race discrimination and

retaliation claims made by individuals who are similarly situated to the plaintiff. Wyvill v. United Companies Life Insurance Co., 212 F.3d 296 (5th Cir. 2000). Subject to and without waiving the foregoing objections, Defendants are willing to limit their response to lawsuits alleging the same claims as Plaintiff regarding those individuals Plaintiff allege discriminated against him within the last three years. With those restrictions in mind, Defendants respond that three lawsuits were filed within the last three years, alleging race discrimination and/or retaliation against Walmart, involving the Distribution Center #6072, or Stevie Williams:

• Joseph G. Joiner v. Walmart D.C. 6072 (November 2020; filed in the
United States District Court for the Northern District of Mississippi;
Case No. 3:20-cv-00304-MPM-JMV);

• James P. McKinney v. Walmart Stores (July 2022; filed in the Circuit
Court of Union County, Mississippi; Case No. CV2022-087); and

• Ethel Mays v. Walmart Stores (November 2023; filed in the United
States District Court for the Northern District of Mississippi; Case
No. 3:23-cv-00452-MPM-RP)

In the instant motion to compel, Plaintiff argues: "The defendant had know [sic] problem asking plaintiff if they [sic] ever been to jail and for what reason in pass [sic] cases of discrimination filed in 2019. But plaintiff ask for similar information defendant objective [sic]. "MeToo evidence is Admissible in discrimination, harassment, and retaliation cases. The U.S. supreme Court In Spring/ United Management Co. v. Mendelsohn, 552 U.S. 379, 388 (2008)." *Id.* at 11.

**The Court's resolution:** The court finds the Plaintiff has identified nothing to further compel here.

### INTERROGATORY NO. 13:
Where would the information be about the path to leadership program that I expressed my interest in, addition the information about the T-3 trainer program that I also expressed my interest in and was part of at one time.

### RESPONSE NO. 13:
Defendants object to this interrogatory on the grounds that it is vague, ambiguous, and overly broad, particularly with respect to the phrase "where would the information be." Defendants further object on the grounds that it is unduly burdensome to the extent it seeks information equally available to Plaintiff, as

11

>Plaintiff necessarily has knowledge of his own participation in or expression of interest in the referenced programs. Subject to and without waiving the foregoing objections, Defendants respond that information regarding associate training or development programs, including the Path to Leadership Program and the T-3 Trainer Program, would be maintained, if at all, in Walmart's training and development records.

In the instant motion to compel, Plaintiff argues: "The defendant sent plaintiff [sic] personnel file which was incomplete, missing management jobs I applied for sine [sic] my charge of discrimination in 2019. Which they told the EEOC that I didn't' apply for any promotions, alone [sic] with other information like written statements from investigations. There should be Written record of these programs that I verbally expressed my interest in because there was no list to sign." *Id.* at 12.

**The Court's resolution:** The court finds the Plaintiff has identified nothing to further compel here.

C. **Conclusion**

In conclusion, I find that Plaintiff failed to confer with Walmart about the interrogatories, in good faith, prior to filing the instant motion, and while Plaintiff is proceeding *pro se*, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Tex.*, 929 F.2d 168, 171 (5th Cir. 1991) (*quoting Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Plaintiff has also failed to provide any sound reasoning or specifically described why the discovery sought is relevant to *his* case. "Relevance cannot be assumed; it must be determined by reference to the nature of the plaintiff's claims and the content of disputed [information]." *Barnett v. Deere & Co.*, 2016 WL 4544052 (S.D. Miss. Aug. 31, 2016).

12

Since Plaintiff has failed to demonstrate he complied with Rule 37(a)(1), and since he has failed to meet his burden to demonstrate the relevance of the sought discovery, his Motion to Compel [Doc. 112] is without merit and shall be and is hereby **DENIED.**

**SO ORDERED**, this the 25th day of November, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**