**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JOSEPH G. JOINER**                                                       **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO.: 3:24-CV-00204-MPM-JMV**

**WAL-MART STORES EAST, LP, ET AL.**                           **DEFENDANTS**

**ORDER GRANTING IN PART AND DENYING IN PART ATTORNEY'S FEES
INCURRED IN MAKING THE MOTION TO COMPEL [Doc. 105]**

This matter is before the court on the submission of itemized fees and expenses by Defendants related to the filing of their Motion to Compel [Doc. 105]. The Court has considered the itemization of fees submitted to the Court on November 12, 2025, the *pro se* Plaintiff's response [Doc. 125], and the applicable law, and awards fees and expenses as detailed herein.

**Law and Analysis**

Rule 37(a)(5) of the Federal Rules of Civil Procedure provides:

**Payment of Expenses; Protective Orders.**
(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).

Accordingly, the award of costs is mandatory pursuant to Rule 37 where the motion to compel is meritorious, which the Court here found that it was. The Defendants' motion to compel

[Doc. 105] was filed on October 6, 2025. Here, the motion to compel [Doc. 105] and exhibits comprised seventy-two pages, and the memorandum in support was eight pages [Doc. 106].

Defendants seek attorneys fees in the amount of $7,052.50. This requested total is derived from 8.1 hours of Courtney Leyes' time, 13.3 hours of Kelly Ahern's time, 0.7 hours of Meghan Reed's time, and 1.6 hours of Heidi Woll's time.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Miller v. Danna*, 2023 WL 35761, at *1 (E.D. La. Jan. 4, 2023). The determination of a reasonable attorney's fee award involves a determination of a "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *Russell v. Attala Steel Indus., LLC*, No. 4:22-CV-165-MPM-JMV, 2023 WL 7201128, at *1 (N.D. Miss. Nov. 1, 2023), citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In his response, the *pro se* Plaintiff makes a general objection to the rates of Attorneys Leyes and Ahern – $395 and $280 per hour, respectively. The *pro se* Plaintiff describes the fees as "very unreasonable" and notes that "[t]his case isn't that complex, for the fees amount they're trying to convince the court to award them." [Doc. 125] at 1.

However, given the attorneys' experience, the undersigned finds these rates reasonable and in accordance with other awards in Mississippi federal courts. *See, e.g., Affordable Care, LLC v. JNM Office Property, LLC*, Civ. No. 1:19-cv-827-HSO-RPM, 2022 WL 3271092, at *7–*8 (S.D. Miss. Aug. 10, 2022) (approving a $310 hourly rate for partners and $250 hourly rate for associates at Lewis, Brisbois, Bisgaard & Smith, LLP); *Volvo Fin. Servs., a division of VFS US LLC v.*

*Williamson*, 2018 WL 1096852, at *2 (S.D. Miss. Feb. 28, 2018) ($225 per hour for senior associates with seven years of experience are reasonable hourly rates in the Southern District of Mississippi); *Gaskill-Clayborn v. Mighty Oaks Child Dev. Ctr., LLC,* No. 1:20-CV-128-DMB-RP, 2021 WL 4317669, at *5 (N.D. Miss. Sept. 22, 2021) (noting that the Northern District of Mississippi has previously approved "a $385 hourly rate for ... an attorney with twenty years of experience; [and] ... a $285 hourly rate for ... an attorney with four years of experience" and, as such, found that a $318 partner rate and a $200 associate rate are reasonable and within the prevailing market rates), citing *Mass. Mut. Life Ins. Co. v. Williamson*, No. 4:15-CV-166, 2020 U.S. Dist. LEXIS 4318, at *4–5 (N.D. Miss. Jan. 10, 2020).

> With regard to the reasonable number of hours expended:
>
> Rule 37(a) of the Federal Rules of Civil Procedure provides that a court may award to the prevailing party the reasonable expenses incurred in making the motion to compel, including attorney's fees. However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel. *Stagner v. Western Kentucky Navigation, Inc.*, 2004 WL 253453, at *6 (E.D. La. Feb. 10, 2004). To put it more bluntly, Rule 37(a) limits courts to award fees incurred in **securing the order compelling discovery**, not in the buildup of the dispute itself underlying, or necessitating, the motion to compel. (emphasis added) *Id.* (citing *Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981); *American Hangar, Inc. v. Basic Line, Inc.*, 105 F.R.D. 173, 175-76 (D. Mass. 1985); *SCM Societa Commercial S.P.A. v. Industrial and Commercial Research Corp.*, 72 F.R.D. 110, 112 (N.D. Tex. 1976)); *see also In re Marine*, No. CV 20-2144-JWD-SDJ, 2023 WL 1979358, at *2 (M.D. La. Feb. 13, 2023). Time that would have been expended regardless of the motion to compel must also be excluded. *See Al Asher & Sons, Inc. v. Foreman Electric Serv. Co., Inc.*, 2021 WL 799315, at *3 (W.D. Tex. Feb. 1, 2021).

*Russell,* 2023 WL 7201128, at *2 (N.D. Miss. Nov. 1, 2023).

In the itemization of Defendants' attorneys fees submitted to the Court, the Defendants seek to recover not only the time associated with the motion to compel, but also for time incurred reviewing the underlying discovery and corresponding with the *pro se* Plaintiff—i.e. time that would have been expended regardless of the motion to compel.

The Court, having conducted a line-by-line analysis of the time to determine the appropriateness of the fee award, finds that the following entries totaling 5.4 hours are "reasonable," as defined by Rule 37(a)(5)(A):

| | | |
|---|---|---|
| 9/19/2025 | Kelly Ahern | 1.00 |
| 9/30/2025 | Kelly Ahern | 2.60 |
| 10/2/2025 | Courtney Leyes | .20 |
| 10/2/2025 | Courtney Leyes | .80 |
| 10/3/2025 | Kelly Ahern | .80 |

As provided above, Defendants seek a rate for work performed by Kelly Ahern, an attorney with the law firm of Fisher & Phillips with over six years of experience, in the amount of $280.00 an hour. Defendants seek a rate for work performed by Courtney Leyes, a partner with the law firm of Fisher & Phillips with approximately seventeen years of private practice, in the amount of $395.00 an hour. The Court declines to award fees claimed by the law clerk or the paralegal in this matter.

Accordingly, Attorney Ahern may recover for 4.4 hours, for a total of $1,232.00, and Attorney Leyes may recover for 1 hour, for a total of $395.00. Plaintiff shall be required to remit the total of $1,627.00 to Defendant within thirty days. Should an extension of time be necessary, Plaintiff may request the same from the Court.

**PLAINTIFF IS, THEREFORE, ORDERED to pay** the Defendants' fees and expenses in the amount of $1,627.00, which were incurred in making the Motion to Compel [Doc. 105].

**SO ORDERED** this, the 14th day of January, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**