IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JOSEPH G. JOINER**                                                                             **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO.: 3:24-CV-00204-MPM-JMV**

**WAL-MART STORES EAST, LP, ET AL.**                              **DEFENDANTS**

### ORDER GRANTING MOTION TO QUASH

This matter is before the court on the motion of Defendants to quash the pro se Plaintiff's Notice of Deposition of Lane Smith [Doc. 146]. For the reasons below, the motion is granted.

**Background**

The docket will reflect that on November 5, 2025, this Court granted a Motion to Compel filed by Wal-Mart, finding that Plaintiff had failed to respond to Wal-Mart's multiple requests to supplement his responses to discovery requests, failed to execute a Medical Records Authorization, and failed to respond to Walmart's Motion to Compel. [Doc. 116]. The Court also awarded Wal-Mart reasonable expenses incurred in bringing its Motion to Compel. [D.E. 116].[1]

In its order granting the motion to compel, the Court ordered Plaintiff to produce "full and complete" responses to Wal-Mart's discovery requests without objection, and an executed Medical Records Authorization by November 17, 2025. [Doc. 116]. Wal-Mart had earlier noticed Plaintiff's deposition for November 18, 2025. [Doc. 107].

On the evening of November 17, 2025, Defendants assert that Plaintiff served insufficient responses to Walmart's discovery requests and failed to provide an executed Medical Records Authorization. [Doc. 122]. On November 18, 2025, Defendants deposed Plaintiff. [Doc. 107].

---

[1] The fees awarded were due to be paid by Friday, February 13, 2026, pursuant to [Doc. 137]. However, Plaintiff did not remit payment of the same and did not timely move for additional time to do so—filing, instead, a belated request to that effect on February 19, 2026 [Doc. 141]. That motion [Doc. 141] is opposed and remains pending.

During the deposition, Defendants reserved the right to depose Plaintiff for a second time on a later date, pending the receipt and review of outstanding third-party records related to the issue of damages. On November 25, 2025, Defendants received an executed Medical Records Authorization from Plaintiff, eight (8) days after the deadline imposed by the Court.

On February 4, 2026, after conferring with Plaintiff and confirming a date to take his deposition, Defendants filed and served a Notice of Deposition for his continued deposition. Plaintiff's deposition was set for 9:00 a.m. on February 23, 2026, at the Lee County Justice Center in Tupelo, Mississippi. [Doc. 140]. Plaintiff apparently resides in Oxford, Mississippi. According to him, he was not consulted on and did not agree to giving his deposition in Tupelo, and on Sunday, February 15, 2026, he emailed counsel for Defendants, Kelly Ahern:

**From:** joseph joiner <josephjoiner521@gmail.com>
**Sent:** Sunday, February 15, 2026 2:51 PM
**To:** Ahern, Kelly <kahern@fisherphillips.com>
**Subject:** Deposition

February 23, 2026 is still a good day for me however, Tupelo is too far. For me to drive for a deposition. moreover, I didn't agree to a all day deposition again nor a day to day deposition. Which you put in your letter I received. I'm not spending all day taking about the same thing. So, how much time do you think it's going to take? We need to come to an agreement on this soon

The next day, Monday February 16, 2026, Ms. Ahern responded to Plaintiff's email as follows:

**From:** Ahern, Kelly
**To:** joseph joiner
**Cc:** Leyes, Courtney; Whittington, Becky
**Subject:** RE: Deposition
**Date:** Monday, February 16, 2026 1:34:00 PM

Dear Mr. Joiner,

I received your email about the location and length of your deposition. The deposition was set in Tupelo because it was the only courthouse available on that date. Oxford was not an option due to the recent ice storm damage and the courthouses there being closed. Under the Rules, we are allowed to notice your deposition at a location within 75 miles of Oxford, and Tupelo falls within

> that range. If you object to the location, we can schedule a conference call with Judge Virden today.
>
> Also, this continued deposition will be limited to questions about your medical records that we were unable to obtain prior to your first deposition. I do not expect it to take longer than a couple hours.
>
> Please let me know if you plan to appear as noticed.

Ex. B to [Doc. 146].

Plaintiff did not respond to defense counsel's offer to jointly seek a court resolution of the issue or otherwise contact Defendants regarding his deposition. Defendants likewise did not make further contact with Plaintiff concerning the deposition.

On February 23, 2026, Ms. Ahern appeared on behalf of Defendants at 9:00 a.m., at the Lee County Justice Center in Tupelo, Mississippi, to depose Plaintiff. The court reporter retained by Defendants was also present. After waiting approximately forty (40) minutes beyond the noticed start time, Ms. Ahern went on record and noted Plaintiff's failure to appear. Ex. C to [Doc. 146], *Deposition Transcript dated February 23, 2026*.

Three days prior, on February 20, 2026, Plaintiff, himself, noticed the deposition of a former Wal-Mart employee Lane Smith for March 4, 2026, in New Albany, MS. [Doc. 142]. On February 25, 2026, after a telephonic request for a status conference was made by the parties, the the Court informally addressed them [Doc. 145]. During said conference, Defendants complained to the Court that Joiner had not appeared for his deposition convened two days previously, yet apparently, insisted on preceding with the deposition he noticed of Lane Smith for March 4, 2026. Defendants advised the Court they opposed going forward with the Smith deposition until Plaintiff had concluded his deposition previously noticed for February 23, 2026. During this conference, the Court explained to Mr. Joiner that his failure to appear for his deposition was improper and

3

directed Defendants that if they sought protection from attendance at the Smith deposition, they would need to move to quash the notice, setting forth the basis for doing so. The Court informed the parties that expedited briefing would be required on any such motion. On February 26, 2026, Defendants filed the instant motion.

In short, Defendants argue good cause exists to quash Plaintiff's noticed deposition for Lane Smith because Plaintiff failed to appear for his own deposition; failed to seek a protective order prior to his nonappearance; and caused Defendants to incur unnecessary costs associated with the February 23, 2026, deposition. According to Defendants, permitting Plaintiff to proceed with a deposition he has noticed before complying with his own discovery obligations would be fundamentally unfair and would further prejudice Defendants' ability to prepare their defense to Plaintiff's claims.

In response, Plaintiff asserts, essentially, that when he previously orally agreed to his deposition to be held on February 23, 2026, he did not understand it would be taken in Tupelo, Mississippi, and he understood it would be limited to issues the Defendants were not able to cover with him at his initial deposition.[2] However, Plaintiff asserts that when he received the formal notice of his deposition, it was to be held in Tupelo, and recited it would "continue day to day until completed."

In his response submitted directly to the Court and defense counsel via email, Plaintiff writes:

> On January,29, 2026 I sent a e-mail to the defendant, asking about dates to go Over their objections, they are trying to dance around like always. It was February 4th at 12:30 before I could talk to someone which I still didn't get anything accomplish With the defendant, like always.
>
> The defendant asked me for a date for the deposition. I told her what would work for Me February 23. I asked about the location and time she mentioned it. Also,

---

[2] According to Defendants, despite having been ordered to do so by the undersigned, the Plaintiff did not produce all of his discovery responses by the date on which his initial deposition was taken, November 18, 2025, thus limiting Defendants' ability to fully question Plaintiff at that time.

4

after the first Deposition I asked, and she mentioned the same location and time it would take.

But all of sudden the defendant takes it upon their self to go and file something at the courthouse that plaintiff **NEVER AGREED TO OR WAS BROUGHT TO MY ATTENTION** Before the defendant file it. When I became aware of what they did i E-mail them and they did not change anything. I never agreed to the location or a day to day deposition. Nor was It ever mention to plaintiff in any way.

So, why would the defendants tell me one thing repeatedly and do something totally different than trying to act like I'm the one to blame for it. The defendants need to take responsibility for their own actions.

I'm sure Tupelo was not the only location. There were lots of locations. I was on the phone for the best part of 2 days to get my deposition sit up for lane smith. I can't count how many times I was told no. Before I finally got everything confirm. As soon as I notified the defendant they started coming up with excuses. Trying to get out of the deposition with lane smith. The first deposition from 2019 with the defendant was at the oxford conference center in oxford, Ms. despite, the defendants have annual revenue of $713.2 billion roughly and can't find but one location who would they expect to believe that. If the defendant has time to make decisions without plaintiff knowledge. They can live with their Consequences of that decision.

Rule 30 (d)(1) a deposition is limited to one day of 7 hours, unless otherwise stipulated or ordered by the court, The defendants likes to point to the rules. Stipulation generally means an agreement. The defendants didn't honor their own agreement. That's easy to see. The courts should award plaintiff fees because the defendants didnot honor their agreement.

## The Law

A party seeking a protective order must show good cause and a specific need for protection. *Harris v. Clay County, Mississippi*, 2021 WL 8343187 (N.D. Miss. Jan. 7, 2021) (citing *Landry v. Air Line Pilots Association*, 901 F.2d 404, 435 (5th Cir.), *cert. denied*, 498 U.S. 895 (1990)). The Court has broad discretion in determining whether to grant a motion for a protective order. S*ee, e.g., Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). "Good cause" exists when justice requires the protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*., quoting Fed. R. Civ. P. 26(c)(1).

**The Ruling**

As set forth above, discovery in this matter has been unduly delayed, primarily as a function of the pro se Plaintiff's unfamiliarity with, or disregard of, the governing Federal Rules of Civil Procedure—particularly those concerning discovery matters, together with what is an apparent mistrust of counsel opposite. All of which has resulted in, for example, his leaving un-responded to the Defendants' request—in the event he did not wish to appear for his noticed deposition despite the seemingly reasonable explanation provided by defense counsel—that the Court be contacted to resolve the issue and that he inform counsel if he did not intend to attend his deposition as noticed.

Instead, he simply stopped further communication with counsel, thereby, certainly implying the explanation for conducting the deposition in Tupelo was satisfactory. On the other hand, Defendants' email response of February 16, 2026, is perhaps itself not a model of clarity in that it states both: "If you object to the location, we can schedule a conference call with Judge Virden today" and also, "Please let me know if you plan to appear as noticed."

Of course, the record establishes neither party recontacted the other or the Court about the deposition.

As a consequence of the forgoing, unnecessary fees have been again incurred in this matter.[3] And, while I do not necessarily find 100% of the fault for Defendants' counsel's unnecessarily attending the Plaintiff's deposition and thereby incurring additional fees to do so to be the fault of Plaintiff,[4] I do find that Plaintiff's failure to appear for the deposition and be questioned about his damages was unwarranted, and before he is allowed to proceed with deposing

---

[3] As the docket will reflect, Plaintiff's refusal to comply with his discovery obligations and Court order has already resulted in an award of fees against him. See [Doc. 137].

[4] As noted, Defendants' February 16, 2026, email did invite Plaintiff to confirm ahead of time he intended to appear as noticed, and no response was made.

Defendants' former employee, he will be required to complete his deposition, which shall be reset by the Court as detailed below.

For the foregoing reasons, the Defendants' motion to quash [Doc. 146] the deposition notice for March 4, 2026, of Lane Smith is GRANTED. The Court will, however, notice a further status conference to address resetting Plaintiff's deposition, as well as the quashed deposition of Lane Smith.

**SO ORDERED** this, the 2nd day of March, 2026.

/s/ Jane M. Virden  
**UNITED STATES MAGISTRATE JUDGE**