**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JOSEPH G. JOINER**                                                                    **PLAINTIFF**

**v.**                                                                    **No. 3:24-cv-00204-MPM-JMV**

**WAL-MART STORES EAST, LP,
GENERAL MANAGER STEVIE WILLIAMS**                                    **DEFENDANTS**

<u>**ORDER DENYING PLAINTIFF'S MOTION FOR RULE 56(d) RELIEF**</u>

This matter comes before the Court on Joseph G. Joiner's *pro se* Motion for Rule 56(d) Relief. [172]. Mr. Joiner brings this motion in response to Wal-Mart Stores East, LP and Mr. Stevie Williams's ("Defendants") Motions for Summary Judgment. [167], [169]. Accordingly, Mr. Joiner requests that the Court deny or defer ruling on Defendants' Motions for Summary Judgment to allow for further discovery, asserting that certain facts necessary to respond are unavailable. [172]. Defendants oppose the motion. [176]. Mr. Joiner replied. [184]. Mr. Joiner also filed Requests for an Extension of Time to Respond and Reply. [182], [183]. The Court has reviewed the record and applicable law and is prepared to rule.

**I.        LEGAL STANDARD**

A "party may file a motion for summary judgment at any time." Fed. R. Civ. P. 56(b). However, Rule 56(d) allows a court to defer ruling on a motion for summary judgment where the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). To obtain relief under Rule 56(d), the movant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts," but must instead "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."

*Sherman v. Irwin*, 849 F. App'x 451, 455 (5th Cir. 2021) (internal quotation marks and citations omitted). The party filing the motion must demonstrate why additional discovery is needed and how that additional discovery will create a genuine issue of material fact. *January v. City of Huntsville*, 74 F.4th 646, 651 (5th Cir. 2023); *see also Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422-23 (5th Cir. 2016).

Critically, Rule 56(d) relief is available only to a party who "ha[s] diligently pursued discovery." *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017). A party who has not diligently pursued the discovery it now claims is essential cannot invoke Rule 56(d) as a refuge from summary judgment. *Id.* Additionally, where a party has been afforded ample opportunity to conduct discovery and has failed to do so, the court should deny relief rather than grant a further extension of time. *See, e.g., Agee v. City of McKinney, Tex.*, 593 F.App'x 311 (5th Cir. 2014).

## II.     DISCUSSION

### A.  Motion for Rule 56(d) Relief

Mr. Joiner seeks to defer a ruling on Defendants' Motions for Summary Judgment to allow for the opportunity to depose Assistant General Manager David Jumper and Human Resources Manager Mitch Lankin, obtain Rule 30(b)(6) testimony to verify his allegations against General Manager Stevie Williams, and create a video depicting the scene where he alleges that he was chased. [172] Ex. 1. Not one of these requests satisfy Rule 56(d)'s requirements, and each is further undermined by Mr. Joiner's failure to diligently pursue the discovery he now claims is essential.

Mr. Joiner has been litigating this case for nearly two years and has been actively engaged in discovery for well over half of that time. [1], [67], [152], [182]. During discovery, Mr. Joiner filed two motions to compel, neither of which sought the depositions of Mr. Jumper or Mr. Lankin.

2

[104], [112]. Mr. Joiner does not offer an explanation for why he did not compel these depositions during the discovery period, identify what specific facts he expects either witness to provide, or explain how their testimony would corroborate any of his claims. Mr. Joiner fails to identify any basis for how Mr. Jumper's or Mr. Lankin's testimony would create a genuine issue of material fact, instead merely asserting the need to depose them because they "were also there on the day of the incident." [172] Ex. 1. The bare assertion that witnesses were present at an incident, without more, does not constitute a plausible basis for believing that un-discovered facts exist and would create a genuine dispute of material fact to defeat a summary judgment motion. *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

Presently, Mr. Joiner claims that he was unable to schedule those depositions because Defendants "gave [Mr. Jumper & Mr. Lankin's] information so late on purpose." [172] Ex. 1. This assertion is speculative and far too vague at best. Mr. Joiner does not explain why Defendants' alleged intentional tardiness in providing contact information—assuming that to be true—precluded him from pursuing these witnesses through other available mechanisms. This is precisely the failure of diligence that forecloses Rule 56(d) relief. *Jacked Up*, 854 F.3d at 816. Having been afforded ample opportunity to conduct discovery and having failed to pursue these witnesses through available procedural means, Mr. Joiner cannot now invoke Rule 56(d) to delay this Court's review for summary judgment. *Agee*, 593 F.App'x at 314.

Mr. Joiner next asserts that Rule 30(b)(6) testimony is needed to "verify that General Manager Stevie Williams should not be able to investigate himself and withhold the surveillance videos, threaten witnesses to write statements, block plaintiff from reporting him, etc." [172] Ex 1. This conjectural explanation is insufficient to support Rule 56(d) relief. Mr. Joiner does not identify what specific facts he seeks to establish through such testimony, explain how that testimony would

3

address the shortcomings raised in Defendants' Summary Judgment Motions, or show how it would create a genuine dispute of material fact on any element of his claims. The subject matter Mr. Joiner now seeks to revisit through Rule 30(b)(6) testimony has already been addressed and resolved against him in this Court's prior orders denying his motions to compel. [115], [126]. Mr. Joiner cannot use Rules 56(d) and 30(b)(6) as vehicles to retry and compel discovery requests which were previously denied. *January*, 74 at 651; *see also Sanchez v. Wal-Mart Stores Texas, LLC*, 2024 WL 3223681, at *1-3 (S.D. Tex. May 7, 2024) (denying Rule 56(d) relief and refusing to reopen discovery for additional Rule 30(b)(6) testimony where the plaintiff failed to diligently pursue discovery during the discovery period and sought to remedy deficiencies only after discovery had closed).

Mr. Joiner also wants to create a video depicting the scene where he alleges he was chased. [172] Ex. 1. This request finds no support in Rule 56(d). Mr. Joiner does not identify what facts such a video would establish, nor does he suggest how it would influence the outcome of the pending summary judgment motions. The only context he includes about the proposed video is that the "area I was followed and chased the distance is longer than a football field." [172] Ex. 1. This request is minimal and does not meet any Rule 56(d) requirements.

Finally, this Court observes that the Defendants' Summary Judgment Motions are grounded in significant part on their asserted deficiencies of Mr. Joiner's claims. [167], [169]. Defendants specifically allege that Mr. Joiner failed to exhaust administrative remedies with respect to his age discrimination claim and his Title VII promotion-denial claims were untimely under the applicable period. *Id*. Regardless of the merits of those assertions, Mr. Joiner does not explain how any of the discovery he now seeks would bear on the Defendants' proffered deficiencies of his claims.

Throughout this litigation, Mr. Joiner's filings have included a myriad of conclusory characterizations about the Defendants' conduct without identifying any specific misrepresentations or explaining why additional time is necessary to respond. This is unavailing. *See Kidd v. Wal-Mart Distribution Center 6072*, 2015 WL 4042474, at *1 (N.D. Miss. July 2, 2015) (A court "will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.") (internal citations omitted); *see also Forbes v. Harris Cnty, Tex.*, 804 F.App'x 233, 239 (5th Cir. 2020) (holding "conclusory allegations and speculation to support [a plaintiff's] claims…[are given] no credence"). The Court recognizes Mr. Joiner's seemingly earnest frustrations with the Defendants. However, those frustrations are not to be litigated by Mr. Joiner asserting conclusory allegations, especially when those allegations are not supported by specific facts or evidence.

### B. Motion for Extension of Time

Mr. Joiner also requested an extension of time to respond and reply to Defendants' opposition of his Rule 56(d) motion, claiming that he needs additional time to address what he characterizes as Defendants' "continuously misrepresented facts." [182], [184]. While the requests for the extensions themselves were untimely, the Court still considers Mr. Joiner's briefings because of his *pro se* status. The Fifth Circuit has directed that *pro se* litigants should be held to a more lenient standard than practicing attorneys. *See Jones v. Grapeland Indep. Sch. Dist.*, No. 24-40194, 2024 WL 4490604, at *2 (5th Cir. Oct. 15, 2024) (affirming pro se litigants are held to less stringent standards); *see also Miller v. Hope Fed. Credit Union*, No. 1-22-CV-005-SA-DAS, 2022 WL 1207152, at *1 (N.D. Miss. Apr. 22, 2022). Accordingly, Mr. Joiner's requests for extensions of time to respond are granted, though outside the time limits, and thus his underlying motion has been considered and denied.

5

### III.    CONCLUSION

For the reasons stated above,

IT IS, THEREFORE, ORDERED that Mr. Joiner's *pro se* Rule 56(d) Motion [172] is DENIED, and his *pro se* Requests for Extension of Time [182], [183] are GRANTED.

SO ORDERED, this the 29th day of June, 2026.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI