**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**JOSEPH G. JOINER**                                                              **PLAINTIFF**

**v.**                                                           **No. 3:24-cv-00204-MPM-JMV**

**WAL-MART STORES EAST, LP,**
**and GENERAL PLANT MANAGER**
**STEVE WILLIAMS**                                                        **DEFENDANTS**

## ORDER

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Jane M. Virden entered May 29, 2026 [175]. The R&R addresses the Motion for Sanctions [159] filed by Defendants Wal-Mart Stores East, LP and General Manager Steve Williams (collectively, "Defendants"). Defendants sought dismissal with prejudice of Plaintiff Joseph G. Joiner's claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, 42 U.S.C. § 1981, along with any other appropriate sanctions, based on Mr. Joiner's alleged discovery violations. The Magistrate Judge recommends that the Court deny the motion. The deadline to file objections pursuant to Local Uniform Civil Rule 72(a)(3) was extended, by agreement, to June 26, 2026. *See* [180]. That deadline has passed, and no party has filed objections.

When a party objects to an R&R, the court reviews the challenged portions de novo. 28 U.S.C. § 636(b)(1). When no party objects, the court reviews for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1418 (5th Cir. 1996). No party filed objections here. The Court, therefore, reviews the R&R for clear error.

Defendants sought sanctions, including dismissal, based on Mr. Joiner's (1) untimely responses to written discovery and delayed production of an executed Medical Records Authorization; (2)

untimely payment of the attorneys' fees the Court previously awarded against him; (3) allegedly evasive deposition testimony; and (4) failure to appear for his continued deposition on February 23, 2026. [159] at 1.

The Magistrate Judge found that the deficiencies by Defendants caused by Mr. Joiner's early discovery delays had already been redressed through the order compelling discovery and awarding Defendants their attorneys' fees. [175] at 10; *see also* [116], [137]. The Magistrate Judge found that the eight-day delay in producing the executed medical authorization, and the delay in paying the fee award, caused Defendants only minimal prejudice. The Magistrate Judge also found that Defendants' motion, filed on the day discovery closed, came too late under Local Uniform Civil Rule 7(b)(2)(C) to challenge the sufficiency of Mr. Joiner's deposition testimony.

As for Mr. Joiner's failure to appear for his continued deposition, the Magistrate Judge found that Mr. Joiner told defense counsel in writing that he objected to the deposition's location in Tupelo and would not travel there, and that defense counsel's response did not clearly resolve whether Mr. Joiner would appear as noticed. [159] Ex. D. Applying the factors set out in *Bluitt v. Acro Chemical Co.*, 777 F.2d 188, 190-91 (5th Cir. 1985), the Magistrate Judge found no adequate showing of willfulness or bad faith, no substantial prejudice to Defendants beyond the cost of appearing for the deposition which Mr. Joiner put Defendants on notice that he would not attend, and that lesser sanctions had already addressed related conduct. The Magistrate Judge recommended that the Court deny Defendants' Motion for Sanctions in its entirety. [159].

The Court finds no clear error in the R&R. IT IS, THEREFORE, ORDERED that:

1. The Report and Recommendation [175] is ADOPTED as the opinion of the Court; and

2. Defendants' Motion for Sanctions [159] is DENIED.

SO ORDERED, this the 13th day of July, 2026.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI